## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

**JOATHAN SANCHEZ**                                                          **PETITIONER**
*REG #50177-069*

**V.**                          **CASE NO. 2:24-cv-00144-DPM-JTK**

**CHAD GARRETT**                                                            **RESPONDENT**

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This Recommendation for dismissal has been sent to Judge D. P. Marshall Jr. Any party to this suit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

### I. Introduction

Joathan Sanchez, an inmate in the Federal Correctional Institution of the Bureau of Prisons ("BOP"), has filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1) In the petition, Mr. Sanchez challenges the manner in which the BOP calculated his sentence. Specifically, he argues that he was improperly denied jail credits and his release dates were improperly calculated.

Respondent has filed a response to Mr. Sanchez's petition, stating that Mr. Sanchez was not entitled to the jail credits he sought and, as such, his petition should be dismissed. (Doc. No.

8)

According to the BOP website, Mr. Sanchez was released from BOP custody on December 1, 2025. FED. BUREAU OF PRISONS, *Find an inmate.: BOP Register Number 50177-069*, https://www.bop.gov/inmateloc/ (last visited July 23, 2026).

Pursuant to 28 U.S.C. § 2241, a writ of habeas corpus shall not extend to a prisoner unless he is "in custody." *See Copley v. Keohane*, 150 F.3d 827, 829 (8th Cir. 1998) (when a prisoner is no longer in custody, there is no entity the Court can order to effect release, therefore petitioner's § 2241 petition is moot); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody. . . "); *Ku S. v. Secretary, Dep't. of Homeland Security*, 2020 WL 8083657, *2 (D. Minn. Dec. 15, 2020) ("When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances … and a federal court can no longer grant effective relief,' the case is considered moot.") (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)).

The United States Supreme Court has held that the only proper respondent in a § 2241 petition is the inmate's custodian—i.e., the warden of the facility where the prisoner is confined. *See Rumslfield v. Padilla*, 542 U.S. 426, 434-35 (2004) ("We summed up the plain language of the habeas statute over 100 years ago in this way: '[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.'") (emphasis in original) (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)).

Mr. Sanchez was released from custody.  As such, he is not entitled to relief under § 2241 because his release has rendered the petition moot.

**II.   III.   <u>Certificate of Appealability</u>:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rule Governing Section 2254 Cases in the United States District Courts. The Court can issue a certificate of appealability only if Mr. Sanchez has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Sanchez has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

**III.   Conclusion**

For the reasons set forth above, IT IS RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc. No. 1) be dismissed with prejudice.

DATED THIS 23rd day of July, 2026.

_____
UNITED STATES MAGISTRATE JUDGE